**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RONALD E. POTTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:07-0139** |
| **v.** | ) | **(Crim. No. 3:04cr0062)** |
| | ) | **Judge Wiseman** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

## I.  INTRODUCTION
## AND
## BACKGROUND

The petitioner (hereinafter "the movant") is a prisoner in the United States Penitentiary

McCreary in Pine Knot, Kentucky.  He brings this *pro se* action under 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence.  The movant names the United States of America as the respondent

(hereinafter "the government").

The Grand Jury returned a sixteen-count second superceding indictment against the movant

and his three co-defendants on July 28, 2004.  (Crim. DE # 51)[1]  The movant pled guilty on October

18, 2004 to Counts Five and Nine, separate violations of 18 U.S.C. § 924 for knowingly possessing

a firearm in furtherance of a drug trafficking crime.  (Crim. DE # 51, pp. 3, 5; # 128, 142)  The

movant was sentenced to five years on Count Five and twenty-five years on Count Nine, the

sentences to run consecutively.  (Crim. DE # 129; # 143, p. 8)

The movant filed a notice of appeal on February 14, 2005.  (Crim. DE # 130)  The Sixth

Circuit Court of Appeals affirmed the judgment of the trial court on January 31, 2006.  (Crim. DE

---

[1]  References to the record in the movant's criminal case use the following convention: (Crim. DE # X), where "X" is the docket entry in the movant's criminal case. References to the record in the movant's § 2255 action omit "Crim." from the citation.

# 164) Mandate issued on February 22, 2006.  (Crim. DE # 165)

The movant filed his motion under § 2255 on January 30, 2007.  Rule 3(d), Rules – Section 2255 Proceedings.  The movant raises three grounds for relief, all alleging ineffective assistance of counsel.  (DE # 1, ¶ 12, pp. 5-9; # 2, pp. 11-22)  The government filed a response on February 12, 2007 arguing that the movant's claims are without merit.  (DE # 4)  The movant replied on April 6, 2007.  (DE # 8)

## II.  ANALYSIS

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993).  *Pro se* pleadings are construed liberally by the courts.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### Standard For Ineffective Assistance of Counsel In the Context of a Guilty Plea

Two elements comprise a claim of constitutionally ineffective assistance of counsel: 1) the attorney's performance was deficient, falling below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny.  *Id*. at 689.  To satisfy the prejudice requirement, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  To establish ineffective assistance of counsel in a guilty plea context, the movant must show that counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*

2

*v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

### 1. Movant's Claim That Defense Counsel Failed to Request an Evidentiary Hearing and That Defense Counsel Failed to Interview an Alibi Witness

In the first part of this two-part claim, the movant alleges that defense counsel's representation was deficient because he did not file a motion for an evidentiary hearing to determine the factual basis of the charges. (DE # 1, ¶ 12, p. 5; # 2, pp. 1, 11-13)

At the plea hearing, the trial court read aloud the "the set of facts which constitute[d] the foundation for the offense[s]." (Crim. DE # 142, pp. 8-10) When finished reciting the facts, the trial court asked the movant, "Now, you and the government agree that those facts are true; is that correct?"[2] (Crim. DE # 142, p. 10) The movant answered, "Yes, sir." (Crim. DE # 142, p. 10) The trial court then asked, "So you are offering a plea of guilty to both count five and count nine because you, in fact, are guilty of count five and count nine; is that correct?" (Crim. DE # 142, p. 10) The movant again answered, "Yes, sir." (Crim. DE # 142, p. 10)

The movant is bound by his testimony under oath at the plea hearing if the trial court "scrupulously" followed the procedures under Rule 11, Fed. R. Crim. P. *See McAdoo v. Elo*, 365 F.3d 487, 496 (6th Cir. 2004)(citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). A review of he transcript of the plea hearing shows that the trial court did, in fact, "scrupulously" follow Rule 11. Therefore, the movant is bound by his sworn testimony at the plea hearing.

Bound by his sworn testimony, the movant cannot show that he was prejudiced by defense counsel's alleged failure to move for an evidentiary hearing. The movant's own sworn testimony established that the facts were true. Moreover, the movant does not assert, nor can it be liberally construed from the record that, had defense counsel moved for an evidentiary hearing, the movant

---

[2] At the sentencing hearing, held February 3, 2005, the movant again testified under oath that the facts pertaining to the charges against him were true. (Crim. DE # 143, pp. 2-3)

3

would have insisted on going to trial.  The less stringent standard for *pro se* litigants does not

compel the courts to conjure up unpled facts.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

As reasoned above, the movant has failed to establish that he was prejudiced by defense

counsel's failure to seek an evidentiary hearing.  Having failed to establish that he was prejudiced,

the movant cannot support a claim of ineffective assistance of counsel.  Accordingly, the first part

of this claim is without merit.

In the second part of this claim, the movant alleges that defense counsel neglected to

interview an alibi witness even though defense counsel allegedly knew about the witness.  (DE #

1, ¶ 12, p. 5; # 2, pp. 13-14)  The following colloquy relevant to this claim transpired between the

trial judge and the movant at the plea hearing:

> Q      Has [defense counsel] discussed with you any
>        possible defenses that you might have to these
>        charges, if there are any?
>
> A.     Yes, sir.
>
> Q.     Are you satisfied with the advice that he has given
>        you with the representation that he has given you as
>        a lawyer up to this point?
>
> A.     Yes, sir.
>
> Q.     All right.  He has done whatever investigation you
>        have asked him to do, he has filed whatever motions
>        you wanted him to file; is that correct?
>
> A.     Yes, sir.

(Crim. DE # 142, p. 5)

As shown above, the movant admitted under oath that defense counsel discussed available

defenses with him and that he had conducted the investigations that the movant had asked him to

conduct.  For reasons previously given, the movant is bound by his sworn testimony at the plea

4

hearing.  Consequently, the movant cannot now claim that defense counsel did not interview the alibi witness when the movant testified under oath that defense counsel did everything he ought to have done or had been asked to do.  Additionally, the movant once again does not assert, nor can it be liberally construed from the record that, had defense counsel interviewed the alibi witness, the movant would have gone to trial rather than plead guilty.

As reasoned above, the movant has failed to establish that he was prejudiced by defense counsel's failure to interview the alibi witness.  Having failed to establish the he was prejudiced, the movant cannot support a claim of ineffective assistance of counsel.  Accordingly, the second part of this claim is without merit as well.

### Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The movant has not made a substantial showing of the denial of a constitutional right.  Accordingly, a COA will not issue as to this claim.

### 2.  Movant's Claim That His Guilty Plea Was Involuntary

The movant claims next that his guilty plea was involuntarily because he did not enter into the agreement knowingly and intelligently.  (DE # 1, p. 6; # 2, pp. 14-17)  More particularly, the movant alleges that defense counsel advised him that, if he did not plead guilty that he "would receive a life sentence." (DE # 2, p. 15)  The movant also alleges that neither defense counsel nor the court explained what was meant by the element of the offense, "used and carried." (DE # 1, p. 6, # 2, p. 15)  The movant maintains that, but for defense counsel's ineffective assistance, he would

5

have insisted on going to trial.  (DE # 2, p. 17)

As to the first part of this claim, *i.e.*, that defense counsel advised the movant that he "would receive a life sentence" if he did not plead guilty (DE # 2, p. 15), apart from characterizing this statement as "erroneous advise" (DE # 2, p. 16), the movant provides no factual allegations in support of his claim.  The Sixth Circuit has held that conclusory allegations without supporting factual allegations or evidentiary support do not provide a basis for *habeas corpus* relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Even assuming that defense counsel misrepresented the potential sentence as the movant alleges, the record shows that the trial court disabused any misunderstanding that the movant might have had by correctly advising him "that ***the maximum possible penalty*** provided by law for each of these offenses is life imprisonment."  (Crim. DE # 142, p. 5)(emphasis added)  When the trial court asked the movant if he understood the penalties that he faced, the movant replied, "Yes, sir." (Add # 142, p. 6)  For reasons previously explained, having testified under oath that he understood the penalties that he faced, he cannot now claim that he did not.

As reasoned above, the movant has failed to establish that he was prejudiced by defense counsel's failure to advise him properly of the sentence that he was facing if he did not plead guilty. Having failed to establish the he was prejudiced, the movant cannot support a claim of ineffective assistance of counsel.  Accordingly, this part of the movant's claim is without merit.

The second part of this claim alleges that the movant did not understand the elements of the offense with which he was charged.  Specifically, the movant claims that he did not understand the phrase "used and carried."  The following colloquy at the plea hearing between the trial judge and the movant is relevant to this claim:

> Q.      All right.  Now, you offer a plea of guilty to count

6

five and count nine. Count five charges you with violation of 18 United States Code section 924(c)(1)(a), which provides that any person who, in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted, *uses or carries* a firearm, or who, in furtherance of such crime possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to imprisonment for not less than five years.

Now, count nine provides for another alleged violation of 18 United States Code Section 924(C), in that it charges the same statutory offense, but further charges that it is a second or subsequent conviction under this same subsection. Now, do you fully understand?

A.    Yes, sir.

Q.    Both of those charges?

A.    Yes, sir.

Q.    Have you talked with Mr. Drake about them? Has he explained to you what the government would have to prove in order to find you guilty?

A.    Yes, sir.

(Crim. DE # 142, pp. 4-5)(emphasis added)   Terms such as "use" and "carry" are unambiguous on their face. The Sixth Circuit has held that "a term that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo*, 365 F.3d at 497; *see also Ramos*, 170 F.3d at 562-563. Moreover, the movant is bound by his sworn testimony that he understood the charges as they were explained to him by the Court. Once again, for reasons previously explained, the movant cannot claim after the fact that he did not understand.

As reasoned above, the movant has failed to establish that he was prejudiced because the phrase "used and carried" was not explained to him. Having failed to establish the he was

7

prejudiced, the movant cannot support a claim of ineffective assistance of counsel. Accordingly, this part of the movant's claim also is without merit.

In addition to the foregoing, the undersigned takes this opportunity to note that he presided at the movant's plea hearing. "[W]hen the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Smith v. United States,* 348 F.3d 545, 551 (6th Cir. 2003)(citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996)(citing *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4 (1977)). Based on the undersigned's clear recollection of those proceedings, as supported by the record in the movant's criminal case, there is absolutely no question that the movant pled guilty knowingly, voluntarily, and intelligently.

### Certificate of Appealability

The Court finds that the movant has not made a substantial showing of the denial of a constitutional right. Accordingly, a COA will not issue with respect to this claim.

### 3. Movant's Claim That Defense Counsel Did Not Conduct an Independent Investigation

In his final claim, the movant alleges that defense counsel failed to conduct an independent investigation to determine whether the movant was "actually innocent" of the two counts to which he pled guilty based on the "used and carried" element of the offenses. (DE # 1, pp. 7-8; # 2, pp. 18-20) As previously shown, the record of the criminal proceedings against the movant establishes that the movant entered a guilty plea because he was, in fact, guilty of the offenses charged. Therefore, even if defense counsel had conducted an independent investigation, based on the movant's clear admission of guilt, defense counsel would have concluded that the movant was guilty. Consequently, the movant cannot establish that he was prejudiced by defense counsel's failure to conduct an independent investigation.

As reasoned above, the movant has failed to establish that defense counsel was ineffective

for not conducting an independent investigation.  Accordingly, this claim is without merit.

## Certificate of Appealability

The Court finds that the movant has not made a substantial showing of the denial of a constitutional right.  Accordingly, a COA will not issue as to this claim.

## III.  CONCLUSION

As reasoned herein, the movant has failed to establish that he received ineffective assistance of counsel.  Consequently, he is not entitled to relief under § 2255.  Because the movant has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue as to any of his claims.

An appropriate Order will be Entered.

_____
Thomas A. Wiseman, Jr.
Senior United States District Judge

9